UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                              :
IN RE PEGGY NESTOR                                            :    **ORDER DISMISSING CASE**
                                                              :
                                                              :    25 Civ. 804 (AKH)
                                                              :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

Having failed to show cause for excusable neglect under Fed. R. Bankr. P. 9006(b)(1)(B), I dismiss Appellant Marianne Nestor's bankruptcy appeal.

Nestor filed a notice of appeal in the bankruptcy court on January 15, 2025, which was docketed in this Court on January 28, 2025. ECF No. 1. Since the bankruptcy court docketed Nestor's notice of appeal on January 15, 2025, *see In re Peggy Nestor*, 23 BK 10627 (MEW) (Bankr. S.D.N.Y.), Dkt. 488, her Designation and Statement filing was due by January 29, 2025. *See* Fed. R. Bankr. P. 8009; *In re Peggy Nestor*, 24 Civ. 9250 (JHR) (SLC), 2025 WL 472577, at *2 (S.D.N.Y. Feb. 3, 2025) (appellant's Designation and Statement due 14 days after bankruptcy court's docketing of notice of appeal). But she did not timely file a Designation and Statement. She also has not filed an opening brief.

Under Fed. R. Bank. P. 8003(a)(2), a court may dismiss a bankruptcy appeal due to an appellant's failure to file a Designation and Statement. *In re MG Global Holdings Ltd.*, 17 Civ. 167 (GHW), 2017 WL 744603, at *1 (S.D.N.Y. Feb. 23, 2017). "Filing a Designation and Statement is mandatory," and if an appellant, having failed to so do in a timely fashion, cannot show excusable neglect, "her appeal cannot proceed" and "the appeal has to be at an end." *In re Lynch*, 430 F.3d 600, 603, 605 (2d Cir. 2005).

On April 3, 2025, this Court issued an Order to Show Cause, providing an opportunity for Nestor to demonstrate "excusable neglect" under Fed. R. Bankr. P. 9006(b)(1)(B) for her failure to comply with Fed. R. Bankr. P. 8003(a)(2). *See* ECF No. 2. Nestor's response filings are not

responsive to my Order. *See* ECF Nos. 3-4. Though these filings include a Designation and Statement, Nestor did not attempt to make a showing of excusable neglect and explain why she did not comply with Fed. R. Bank. P. 8003(a)(2). Thus, I reject her untimely-filed Designation and Statement. *See In re Kollel Mateh Efraim LLC*, 582 F. App'x 61, 62 (2d Cir. 2014). And accordingly, I dismiss Nestor's appeal.

The Clerk shall close this case. She shall also mail a copy of this Order to Nestor.

SO ORDERED.

Dated: April 24, 2025
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge